### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-8-SRW |
| | ) | |
| DANIEL REDINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This closed civil matter is before the Court upon review of plaintiff's motion titled "Plaintiffs' [*sic*] Request to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(e) Against Plaintiff." (ECF No. 10). The motion will be denied.

On June 8, 2022, this Court dismissed this action after determining that the complaint failed to state a claim upon which relief may be granted. The reasons for that determination are fully set forth in the Court's June 8, 2022 Memorandum and Order, and to avoid redundancy, will not be repeated here.

In the instant motion, plaintiff claims he is entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure. In support, he claims he adequately stated a First Amendment retaliation claim, and he notes his complaint set forth a recitation of the essential elements of such a claim. He also alleges that the defendants began debiting his inmate account to pay his court filing fee debts after he filed the following civil litigation in DeKalb County Circuit Court: *Taylor v. Drake, et al.*, 19DK-CC00027; *Taylor v. Richie, et al.*, 19DK-CC00023; and *Taylor v. Kelly, et al.*, 19DK-CC00026. Plaintiff states without support that such action was retaliatory.

Next, plaintiff claims he adequately stated a First Amendment access-to-courts claim, inasmuch as he requested "stamps, envelopes, paper, toothpaste, etc." from "all the Defendants," and wanted to appeal *Taylor v. Drake, et al.,* 19DK-CC00027, but could not do so because "the Defendants" debited his account to pay his court filing fee debt.   Plaintiff also claims he adequately stated an Eighth Amendment deliberate indifference claim because the defendants denied or delayed his receipt of hygiene items, which amounted to a denial of dental care, and "medical" refused him "dental work."

Plaintiff's arguments are unavailing.   Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."   *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).   Such motions do not allow a party to re-litigate matters previously resolved by the court, or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.   Rule 59(e) motions are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (emphasis in original).

Upon review of the instant motion, the Court concludes that it fails to point to any manifest errors of law or fact, or any newly discovered evidence.   Instead, the motion can be said to revisit old arguments, or tender new ones without providing good cause for the failure to raise them prior to the entry of judgment.

Additionally, plaintiff's arguments are, at best, conclusory and unavailing.  Recitation of the elements of a retaliation claim is insufficient to state a plausible retaliation claim against any of the defendants, and plaintiff's averments that the defendants retaliated against him for filing the three cases cited above are far from compelling.  None of the defendants in this action were parties to any of the three cases he claims incited them to retaliate against him, and plaintiff's own allegations establish that his inmate account was debited because he had accumulated multiple filing fee debts that needed to be paid.

Plaintiff also states that the defendants' deprivations and denials left him unable to appeal *Taylor v. Drake, et al.,* 19DK-CC00027.  However, review of the publicly-available records in that case shows he did in fact file a notice of appeal.  Additionally, review of that case along with the other two cases plaintiff cites shows he regularly submitted filings to the courts.[1]  Plaintiff's allegations regarding a deprivation of hygiene supplies simply fail to demonstrate that he was subjected to the sort of deprivation that would rise to the level of constitutional dimension, and his allegations fail to show that any defendant, or any person who could be identified as a defendant, actually knew of, and yet deliberately disregarded, any serious medical needs.

At best, plaintiff's motion amounts to a second attempt to gain relief on the same issues formerly denied, rather than a demonstration of a need for relief in extraordinary circumstances.  The motion presents no valid reason for the Court to reconsider its June 8, 2022 dismissal of this action, and the Court will therefore deny it.

Accordingly,

---

[1] This Court takes judicial notice of the Missouri State Court records, as obtained through the public records published on Missouri Case.net.  *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**IT IS HEREBY ORDERED** that "Plaintiffs' [*sic*] Request to Alter or Amend Judgment

Pursuant to Federal Rules of Civil Procedure 59(e) Against Plaintiff" (ECF No. 10) is **DENIED**.

Dated this 4th day of August, 2022.


_____

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

4